**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
UNITED STATES OF AMERICA,              :
                    Respondent,             :      **MEMORANDUM OPINION &**
                                              :            **ORDER**
        -against-                              :       98 Cr. 834 (JFK)

PAUL WILLIAMS,                         :

                    Petitioner.            :
-------------------------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

    Defendant Paul Williams ("Williams"), proceeding pro se, moves for relief under audita querela pursuant to 28 U.S.C. § 1651. For the reasons set forth below, the motion is denied.

    Williams was convicted of charges arising out of a drug conspiracy on May 1, 2000, and sentenced on January 11, 2001. On June 16, 2009, the Court denied Williams's motion for a sentence reduction brought pursuant to 18 U.S.C. § 3582(c)(2). United States v. Williams, No. 98 Cr. 834 (JFK) (S.D.N.Y. June 16, 2009). Williams brought the § 3582 motion in light of the recent retroactive amendments to the U.S. Sentencing Guidelines. In his § 3582 motion, he presented a collateral issue concerning the Court's alleged failure to instruct the jury on the purity and quantity of the drugs at issue. See id. at 4. In the order denying Williams a sentence reduction, the Court informed him that this claim must be brought in a 28 U.S.C. § 2255 motion. The Court then declined to recharacterize part of the motion as

a § 2255 collateral attack in light of Castro v. United States, 540 U.S. 375 (2003). The Court also informed Williams that the one-year statute of limitations may bar his § 2255 collateral challenge. Williams now argues that audita querela relief is appropriate because his collateral challenge "was unavailable at the time of [his] conviction and sentence, and at the time of [his] time to file his Section 2255." (Def.'s Br. 8.)

According to the Second Circuit, the writ of audita querela "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007). In other words, the writ "might be deemed available if [its] existence were necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2244." Id.

To the extent Williams challenges his conviction on the ground that the Court improperly instructed the jury on an essential element of the crime, audita querela is unavailable. Though Williams claims that he was precluded from making this argument until the Second Circuit's decision in Gonzalez v. United States, 420 F.3d 111 (2d Cir. 2005), in truth, the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), which undergirds the Gonalez decision, enabled this line

of argument. Consequently, this argument was available to Williams at his 2001 sentencing and during the period that he could have filed a timely § 2255 challenge. His failure to raise the argument at those times does not call into question the constitutional validity of § 2255.

To the extent Williams challenges his sentence under United States v. Booker, 543 U.S. 220 (2005), the challenge is without merit. In United States v. Richter, the Second Circuit held that a petitioner may not seek audita querela relief with respect to the Booker holding as "'Booker does not apply retroactively to cases on collateral review . . . .'" 510 F.3d 103, 104 (2d Cir. 2007) (per curiam) (quoting Guzman v. United States, 404 F.3d 139, 140 (2d Cir. 2005)). That is to say, a collateral challenge based on Booker to a federal sentence made final prior to Booker is precluded since Booker does not apply retroactively to such cases. Id.

Accordingly, the motion is denied.

SO ORDERED.

Dated:   New York, NY
         July 27, 2009

*John F. Keenan*
JOHN F. KEENAN
United States District Judge

3