```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,          :
                                   :
          Respondent,              :
                                   :
     -against-                     :   MEMORANDUM OPINION &
                                   :         ORDER
PAUL WILLIAMS,                     :   No. 98 Cr. 834 (JFK)
                                   :
          Petitioner.              :
-----------------------------------X
```

**JOHN F. KEENAN, United States District Judge**:

Defendant Paul Williams ("Williams"), proceeding pro se, moves this Court for reconsideration of its July 27, 2009 Memorandum Opinion and Order denying his request for a writ of audita querela. For the reasons set forth below, the motion is denied.

Following the Court's June 16, 2009 denial of Williams' motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), see United States v. Williams, No. 98 Cr. 834, 2009 WL 1739894 (S.D.N.Y. June 16, 2009), Williams moved for audita querela relief pursuant to 28 U.S.C. § 1651. See United States v. Williams, No. 98 Cr. 834, 2009 WL 2252111 (S.D.N.Y. July 27, 2009). The writ of audita querela "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." United States v. Richter, 510

1

F.3d 103, 104 (2d Cir. 2007).  Williams argued that the Court improperly instructed the jury on an essential element of the crime charged, and that his inability to raise this argument previously entitled him to audita querela relief.  The Court denied this motion in its July 27, 2009 Memorandum Opinion and Order because:  (1) Williams could have raised the collateral challenge under 28 U.S.C. § 2255 when it was available, but did not; and (2) United States v. Booker, 543 U.S. 220 (2005), does not apply retroactively to cases on collateral review.

Because there is no specific federal rule that governs criminal reconsideration motions, courts "typically adopt the established standards which govern such motions in a civil context as set forth in the Federal Rules of Civil Procedure, applicable local rules, and related case law."  United States v. Manragh, No. 03 Cr. 1121, 2006 WL 2239053, at *1 (E.D.N.Y. Aug. 4, 2006).  Pursuant to Local Civil Rule 6.3, a party seeking reconsideration must demonstrate that the Court overlooked controlling authority or factual matters that might reasonably be expected to alter the conclusion reached by the Court.  See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

As an initial matter, Williams identifies no change in the law since the Court's July 27, 2009 decision to warrant reconsideration of the audita querela motion.  Nor did the Court overlook any pertinent facts.  Williams now argues that the

2

Court erred in its July 27, 2009 Memorandum Opinion and Order because Williams did in fact timely raise the argument that the Court improperly instructed the jury on an essential element of the crime charged in an October 3, 2000 pro se motion.

Although Williams' October 3, 2000 pro se motion presented a collateral challenge to his conviction, Williams' counsel never raised this argument.  On October 19, 2000, this Court issued an order instructing Williams that the Court does not accept pro se applications from criminal defendants who are represented by counsel and forwarded Williams' application to his counsel, David Lewis, Esq.  If Mr. Lewis wished to seek the relief in question, he was free to do so.  He chose not to.

Even if Williams had raised this argument properly, the Court has already ruled that this type of collateral challenge must be brought on direct appeal or under 28 U.S.C. § 2255.  See Williams, 2009 WL 1739894, at *2 (citing Smith v. United States, Nos. 02 CR 104, 05 CV 1848, 2008 WL 1959545, at *5, (S.D.N.Y. May 5, 2008)).  Williams did not raise this argument on appeal, see United States v. Pinales, 14 F. App'x 100, 101 (2d Cir. 2001), and the Court declined to recharacterize part of the motion as a § 2255 collateral attack in light of Castro v. United States, 540 U.S. 375 (2003).  Williams has failed to identify any controlling law or facts that would require this Court to reconsider its prior decision.

3

For these reasons, Williams' motion for reconsideration is denied in its entirety.

**SO ORDERED.**

Dated:     New York, N.Y.
           March 3 , 2010

_____
John F. Keenan
United States District Judge