```
                                         ┌─────────────────────────────┐
                                         │ USDC SDNY                   │
                                         │ DOCUMENT                    │
UNITED STATES DISTRICT COURT             │ ELECTRONICALLY FILED        │
SOUTHERN DISTRICT OF NEW YORK            │ DOC #: _____      │
------------------------------X          │ DATE FILED: July 19, 2013   │
UNITED STATES OF AMERICA      :          └─────────────────────────────┘
                              :
     -against-                :   No. 98 Cr. 834 (JFK)
                              :
                              :          OPINION & ORDER
PAUL WILLIAMS,                :
                              :
                Defendant.    :
------------------------------X
```

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Petitioner Paul Williams's ("Petitioner") pro se motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, Petitioner's motion is denied.

## I. Background

On May 1, 2000, a jury convicted Petitioner of (1) participating in a conspiracy to distribute and to possess with intent to distribute 50 grams or more of crack and five kilograms and more of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A) ("Count 1"); and (2) distribution and possession with intent to distribute 50 grams and more of crack, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A) and 18 U.S.C. § 2 ("Count 3").

At the sentencing hearing on January 11, 2001, this Court adopted the finding in the Presentence Investigation Report

("PSR") that the drug conspiracy in which Petitioner participated sold approximately 16 kilograms of crack and 304 kilograms of cocaine. This amount of crack, above 1.5 kilograms, resulted in a base offense level of 38 under the Guidelines at that time. See U.S.S.G. § 2D1.1(c)(1) (2000). The amount of cocaine involved, over 150 kilograms, also resulted in a base offense level of 38. See id. A three-point enhancement was imposed for the defendant's role as a manager or supervisor of criminal activity. See U.S.S.G. § 3B1.1(b).

    The adjusted offense level of 41 and Petitioner's criminal history category of I yielded an applicable Guidelines sentencing range of 324 to 405 months in prison. On each of Counts 1 and 3, this Court sentenced Petitioner to 324 months, with the sentences to run concurrently. In directing that these sentences run concurrently and not consecutively, as the Government had advocated, this Court departed downward significantly. (Sent. Tr. 7:23-8:17.) This Court also rejected the Government's arguments for mandatory 30-year minimums on both Counts 1 and 3. (Id. 7:4-22.) On July 11, 2001, the Second Circuit affirmed the judgment of conviction, and the Supreme Court denied certiorari on November 26, 2001. See United States v. Pinales, 14 F. App'x 100 (2d Cir.), cert. denied, 534 U.S. 1049 (2001).

Petitioner next moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). By Order dated June 16, 2009, this Court denied the motion, concluding that Petitioner was ineligible for a reduction because the quantity of drugs exceeded the minimum required for a base level of 38, even after the amendments to the Guidelines. Williams, 98 Cr. 834, 2009 WL 1739894 (S.D.N.Y. June 16, 2009), appeal dismissed, No. 09-3070 (2d Cir. July 14, 2010). Petitioner then sought leave to appeal the Court's denial in forma pauperis. The Court denied that motion on August 13, 2009. Williams, No. 98 Cr. 834 (Aug. 13, 2009) (ECF 123).

Petitioner also sought audita querela relief with respect to his conviction, which was denied by this Court on July 27, 2009. United States v. Williams, 98 Cr. 834, 2009 WL 2252111 (S.D.N.Y. July 27, 2009), aff'd No. 09-3444 (2d Cir. July 14, 2010). Petitioner next moved for reconsideration of the July 27, 2009 denial; the motion was denied on March 4, 2010. United States v. Williams, No. 98 Cr. 834, 2010 WL 749817 (S.D.N.Y. March 4, 2010).

More recently, Petitioner filed a § 2255 motion on June 18, 2012, alleging ineffective assistance of counsel among other claims. On January 11, 2013, this Court denied the motion as

untimely and substantively meritless. United States v. Williams, No. 98 Cr. 834, 2013 WL 139635 (S.D.N.Y. Jan. 11, 2013).

Petitioner has now filed another motion under § 3582(c)(2).[1] He contends that this Court imposed his sentence based upon a finding of only 1.5 kilograms of crack cocaine, and that recent amendments to the Sentencing Guidelines have reduced the applicable guideline range for that amount of crack cocaine. (Mot. at 5 ("The record is clear that Judge Keenan imposed the sentence based on a factual finding of only 1.5 kilograms of crack cocaine.").) On January 22, 2013, the Southern District of New York Probation Office submitted a memorandum to the Court in which it concluded that Petitioner is not eligible for a sentencing reduction. The Government responded to Petitioner's motion on March 1, 2013. The Government also urges that Petitioner is ineligible for a § 3582(c)(2) reduction.

---

[1] The instant motion is dated October 29, 2012. On August 14, 2012, Petitioner sent a letter to the Court requesting reconsideration of the Court's June 16, 2009 Order denying Petitioner's first § 3582(c)(2) motion. Petitioner's request for reconsideration is untimely, and the Second Circuit dismissed an earlier appeal of that Order as similarly untimely. See United States v. Williams, No. 09-3444 (2d Cir. July 14, 2010). Accordingly, the Court construes Petitioner's application solely as a new § 3582(c) motion. To the extent Petitioner also seeks reconsideration of the 2009 Order, the request is denied as moot.

## II. Discussion

### A. Legal Standard

This Court "liberally construe[s] pleadings and briefs submitted by pro se litigants," like Petitioner, and reads his "submissions to raise the strongest arguments they suggest." Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) (citations omitted).

A district court "may not modify a term of imprisonment once it has been imposed," unless expressly permitted by law. 18 U.S.C. § 3582(c); see Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007). However, "in the case of a defendant who has been sentenced to a term of imprisonment based on a guideline range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

In Dillon v. United States, 130 S. Ct. 2683 (2010), the Supreme Court set forth a two-step inquiry for determining when a district court may reduce a sentence under 18 U.S.C. § 3582(c).  First, the court must determine whether the defendant is eligible for a sentence reduction. Id. at 2691.  To

5

determine a defendant's eligibility for a sentence reduction, "the court shall determine the amended guideline range that would have been applicable to the defendant if the [relevant amendment] had been in effect at the time the defendant was sentenced. In making such determination, the court shall . . . leave all other guideline application decisions unaffected." U.S.S.G. Manual § 1B1.10(b)(1). A defendant is ineligible for a sentencing reduction if an amendment with retroactive effect does not modify the applicable guidelines range for the defendant. Id. § 1B1.10 App. Note 1(A).

Only after a defendant has shown threshold eligibility for a sentencing reduction must the Court consider the second step of the Dillon inquiry. At this stage, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Dillon, 130 S. Ct. at 2692; accord United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010).

### B.  Application

Pursuant to Dillon, the Court first examines whether Petitioner is eligible for a sentence reduction. Dillon, 130

S. Ct. at 2691. After reviewing the record and the amended Guidelines, the Court concludes that he is not.

Petitioner asserts that Amendment 750 to the Guidelines, which retroactively raised the minimum amount of crack cocaine for base offense level 38 from 4.5 kilograms to 8.4 kilograms, makes him eligible for a sentence reduction. His argument is substantively similar to the one made in his last § 3582(c) motion, after the Guidelines were amended in 2007 to increase the requirements for base offense level 38 from 1.5 to 4.5 kilograms. The argument fails again, for the same reason: this Court adopted the finding that the drug conspiracy in which Petitioner participated sold approximately 16 kilograms of crack (and 304 kilograms of cocaine). The most recent amendments therefore do not affect Petitioner's applicable guidelines range, rendering him ineligible for a sentence reduction. See U.S.S.G. Manual § 1B1.10 App. Note 1(A).

Petitioner appears to rely in large measure on the language and analysis set forth in United States v. Carty, 897 F. Supp. 2d 201 (S.D.N.Y. 2012). This reliance is misplaced. The Carty court concluded that the defendant was eligible for a sentence reduction because the sentencing judge had not made a finding of more than 1.5 kilograms of crack cocaine. 897 F. Supp. 2d at 207-08. Although the written judgment in that case indicated

that the sentencing judge had adopted the PSR's findings of a greater quantity, the written judgment was inconsistent with the sentencing judge's oral pronouncement of sentence. Id. (noting that where there is such a contradiction, "the oral sentence controls" (citing United States v. Rosario, 386 F.3d 166, 168 (2d Cir. 2004))).

By contrast, there is no inconsistency in the instant case. This Court adopted the PSR's findings as to the drug quantity both at the sentencing hearing and in the written judgment. Compare Sent. Tr. 13:11–15 (the Court noting that the PSR finding of quantity is "part of my sentence"), with Written Judgment at 6 ("The court adopts the factual finding and guideline application in the presentence report except . . . The Total Offense Level should be 41" instead of 44). Accordingly, Carty is inapplicable, and Petitioner is not eligible for a sentence reduction.

### III. Conclusion

Because Petitioner's applicable Guidelines range remains the same under the amended Guidelines as it was when he was sentenced, the Court lacks authority to grant a reduction of sentence under 18 U.S.C. § 3582(c)(2). The motion is denied.

**SO ORDERED.**

Dated:   New York, New York
         July  19, 2013

_____
John F. Keenan
United States District Judge